IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**BRYAN DONALD MURPHY,**

    **Plaintiff,**

**v.**                                                      **Case No.: 3:13-cv-28760**

**INTERNATIONAL PAINTERS AND
ALLIED TRADES INDUSTRY
PENSION FUND; GARY J. MYERS,
FUND ADMINISTRATOR; BOARD
OF TRUSTEES of the INTERNATIONAL
PAINTERS AND ALLIED TRADES
INDUSTRY FUND,**

    **Defendants.**

**<u>MEMORANDUM OPINION AND ORDER SEALING EXHIBITS</u>**

Plaintiff has filed a Complaint with attached exhibits in the instant matter. The exhibits include medical records and other documents for which privacy protection redactions should have been made, but were not made as required by Fed.R.Civ.P 5.2 and the Local Rules of this District. (ECF No. 1). Due to the highly confidential nature of the exhibits, this Court **ORDERS** the exhibits to be sealed. The undersigned is cognizant of the well-established Fourth Circuit precedent recognizing a presumption in favor of public access to judicial records. *Ashcraft v. Conoco, Inc.,* 218 F.3d 288 (4th Cir. 2000). As stated in *Ashcraft,* before sealing a document, the Court must follow a three step process: (1) provide public notice of the request to seal; (2) consider less drastic alternatives to sealing the document; and (3) provide specific reasons and factual

findings supporting its decision to seal the documents and for rejecting alternatives. *Id.* at 302. In this case, the exhibits shall be sealed and will be designated as sealed on the Court's docket. The Court deems this sufficient notice to interested members of the public. The Court has considered less drastic alternatives to sealing the exhibits, but in view of the highly confidential and specially protected nature of the records, as well as the extent of the private information contained therein, no such alternatives are feasible at this time. Moreover, the exhibits pertain to highly personal matters which have no particular relevance to the general public. Accordingly, the Court finds that sealing the exhibits until proper redactions can be made does not unduly or significantly prejudice the public's right to access them.

      The Clerk is instructed to provide a copy of this Order to the Plaintiff and all counsel of record.

                                       **ENTERED**: November 15, 2013

                                       Cheryl A. Eifert
                                       United States Magistrate Judge